IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICK J. MCPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV51 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RED ROBIN INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion for Leave to File Motion for Summary Judgment Out of Time (Filing No. 96). The defendant filed a brief (Filing No. 96, Exhibit 2) in support of the motion, as well as the proposed motion for summary judgment (Exhibit 1). The plaintiff filed an objection (Filing No. 97) to the motion. Thereafter, the defendant filed a reply brief (Filing No. 98) in response to the plaintiff's objection.

The deadline for filing motions for summary judgment in this case was March 1, 2005. **See** Filing No. 24 ¶ 5. The defendant filed a motion for summary judgment on that date. **See** Filing No. 28. The briefing concluded on July 5, 2005, and the court entered an order granting the motion, in part, on October 19, 2005. **See** Filing No. 89. On October 31, 2005, the plaintiff stipulated to allow the defendant to file an amended answer. **See** Filing No. 93. On November 1, 2005, the defendant filed an amended answer to include an additional affirmative defense not considered in the previous order on summary judgment. **See** Filing No. 95. Specifically, the defense is that "any alleged defamatory statements were statements made under a conditional and qualified privilege." *Id.* ¶ 22. On November 11, 2005, the defendant filed the instant motion seeking leave to file a second motion for summary judgment on the basis of the amended answer.

Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause." "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000)

(citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); **see** *Bradford v. DANA Corp.*, 249 F.3d 807, 809-10 (8th Cir. 2001). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). Similarly, under Rule 6(b): "the court for <u>cause shown</u> may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of <u>excusable neglect</u>." Fed. R. Civ. P. 6(b) (emphasis added). "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (**quoting** *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)); **see** *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect). The relevant circumstances include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. Further, these rules must be read in a manner to achieve the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

      The defendant states it did not miss the deadline due to ignorance or mistake of the deadline or the rules of court. The defendant argues it inadvertently failed to plead the affirmative defense, which inadvertence has now been remedied by filing the amended answer. The defendant argues the plaintiff is not prejudiced if the motion is filed out of time because the plaintiff consented to filing the amended answer and has additional time to complete necessary discovery. However, the defendant contends no additional discovery is required and that no deadlines need be extended by the untimely motion for summary judgment. Finally, the defendant asserts the court should have the opportunity to make a legal determination on the defense, which may obviate the necessity of trial.

The plaintiff contends the defendant missed its opportunity to argue the defense in a dispositive motion and should not be allowed a second bite at the apple. Additionally, the plaintiff argues the defendant failed to show good cause for the untimely motion. The plaintiff asserts he is prejudiced by the late motion because discovery is nearly completed and he did not have an opportunity to explore the newly asserted defense. The plaintiff argues he should have such opportunity to question witnesses at trial on the issue.

The defendant's failure to assert the affirmative defense at issue may delay the proceedings and a determination of the merits of such defense. However, the plaintiff is not unduly prejudiced by allowing the untimely motion. The plaintiff will be required to respond to the defense either now or at trial. Since the matter is a legal issue, the court finds it better resolved before the scheduled jury trial. The defendant's failure to assert the defense at issue until after the court's ruling on the first summary judgment motion is evidence of excusable neglect and provides good cause for the untimeliness of the motion. Accordingly, under the circumstances, the court finds the defendant should be allowed to file the untimely motion. While it does not appear the current progression order need be amended due to the untimely motion, the court will allow the plaintiff additional time to respond to the motion for summary judgment to complete discovery, if necessary. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Leave to File Motion for Summary Judgment Out of Time (Filing No. 96) is granted.

2. The plaintiff's Objection (Filing No. 97) is overruled.

3. The defendant shall have to **on or before December 9, 2005**, to file the motion for summary judgment. The briefing schedule will be governed by NECivR 7.1.

DATED this 1st day of December, 2005.

                                              BY THE COURT:

                                              s/Thomas D. Thalken
                                              United States Magistrate Judge